IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Deborah K. Marler, | ) Civil Action No.: 6:11-cv-03131-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| JP Morgan Chase Bank NA, Chase Home Finance LLC, and Seterus Inc., | ) |
| Defendants. | ) |

Plaintiff is proceeding in this action pro se. On November 18, 2011, Defendants Chase Home Finance LLC and JP Morgan Chase Bank NA filed a motion to dismiss. [Doc. 10.] On November 18, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 15.] On November 22, 2011, Defendant Seterus Inc. filed a motion to dismiss for failure to state a claim. [Doc. 17.] On November 23, 2011, pursuant to *Roseboro*, 528 F.2d 309, Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 18.] Despite this explanation, Plaintiff elected not to respond to either motion.

As the plaintiff is proceeding pro se, the Court filed another order on January 12, 2012, giving Plaintiff through February 6, 2012, to file her response to the motions to dismiss. [Doc. 22.] Plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. Despite this explanation, Plaintiff elected not to respond.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other

course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, she is personally responsible for her failure to file a response. The Court has warned Plaintiff that the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file a response. [Doc. 22.] Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

February 28, 2012
Greenville, South Carolina